# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BLUEFIELD DIVISION

**ARNOLDO BAZAN,**

       **Petitioner,**

v.                                    **Case No. 1:16-cv-10260**

**BARBARA RICKARD, Warden**

       **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

On October 31, 2016, Petitioner Arnoldo Bazan ("Petitioner"), proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Given that the sole due process violation alleged by Petitioner has now been remedied, his petition is moot; therefore, the undersigned respectfully **RECOMMENDS** that the District Court **DISMISS** the Petition for a Writ of Habeas Corpus and remove this matter from the docket of the Court.

## I.  Relevant History

Petitioner initiated the instant habeas proceeding during a period of incarceration at the Federal Correctional Institution ("FCI") in McDowell County, West Virginia. Petitioner complains about two disciplinary proceedings that took place when he was a

federal inmate at the Reeves County Detention Center in Pecos, Texas in March and April 2016. (ECF No. 1 at 6, 7, 14-20). According to Petitioner, he was the subject of disciplinary hearings conducted by a Discipline Hearings Officer ("DHO"), who was not an employee of the Federal Bureau of Prisons ("BOP") or the "Federal Prison Industries." (*Id.* at 7). The DHO found Petitioner guilty of engaging in a group demonstration and threatening others with bodily harm in violation of BOP rules. Petitioner was punished for these two infractions with a deduction of 54 days of good conduct credit. (*Id.* at 16, 19). Petitioner argues that because the DHO was not a BOP staff member, the DHO was not authorized by law to impose this sanction. Petitioner maintains that the imposition of any sanction by a non-authorized official is a violation of Petitioner's due process rights. (ECF No. 10). Accordingly, Petitioner seeks reinstatement of 54 days of good conduct credit. (ECF No. 1 at 8).

On November 22, 2016, after Petitioner paid the requisite filing fee, the undersigned ordered the Respondent to show cause why the relief requested by Petitioner should not be granted. (ECF No. 5). Respondent filed a response and motion to dismiss the petition on January 5, 2017, arguing that the petition was moot, because the disciplinary charges against Petitioner giving rise to the sanctions had been scheduled for rehearing before a DHO at FCI McDowell, and this DHO was employed by the BOP. (ECF No. 8). Respondent supplied an affidavit and other documentation verifying that Petitioner's charges had been remanded for a rehearing. (*Id.* at 6-7).

In light of Respondent's representations, the undersigned entered an Order on January 9, 2017, providing Petitioner with sixty days to reply in opposition to Respondent's claim that the disciplinary charge was scheduled for rehearing before a BOP DHO, and to the contention that a rehearing would moot the habeas petition. (ECF No.

9). Petitioner filed a reply on January 19, 2017, arguing that a rehearing would be unconstitutional, because Petitioner did not receive the disciplinary charges at FCI McDowell. (ECF No. 10). Petitioner again asked for reinstatement of his good conduct credit.

On February 26, 2018, the undersigned ordered Respondent to supplement her response, confirming that the rehearing took place and advising the Court of the outcome. (ECF No. 17). On March 7, 2018, Respondent filed a Supplemental Response, indicating that the rehearing had occurred on March 1, 2018; that the rehearing was conducted by a DHO who was an employee of the BOP; and that the DHO, after finding Petitioner guilty of the disciplinary charges, imposed the same penalty—loss of 54 days of good conduct credit. (ECF No. 18). Respondent added that the petition was now moot, as Petitioner had received a proper rehearing and could challenge the outcome of the rehearing through the BOP's administrative remedy process. The undersigned notes that Petitioner has since been relocated to the Federal Transfer Center in Oklahoma City, Oklahoma. *See* www.bop.gov/inmateloc/

## II. Discussion

"To be justiciable under Article III of the Constitution, a conflict between litigants must present a 'case or controversy' both at the time the action is filed and at the time it is decided. If intervening factual … events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d. 689, 693-94 (4th Cir. 1983); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 (1997) ("The requisite personal interest that must exist at the commencement of the litigation … must continue throughout its existence") (citations omitted). "A habeas petition becomes moot when a petitioner's claim for relief

can no longer be redressed by a favorable decision of the court." *Rodriquez-Puente v. Feather,* No. 3:14-cv-01939, 2015 WL 3514173, at *2 (D. Or. June 4, 2015) (*citing Iron Arrow Honor Soc'y v. Heckler,* 464 U.S. 67, 70 (1983)); *also Powell v. McCormack,* 395 U.S. 486, 496 (1969) ("Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.")

Here, Petitioner challenges the constitutionality of the disciplinary proceedings conducted at the Reeves County Detention Center on the ground that the DHO was not an employee of the BOP. That challenge was rendered moot when Petitioner received a rehearing conducted by a BOP-employed DHO. *See Rodriquez-Puente,* 2015 WL 3514173, at *2 (holding that "there is no relief that can be provided by a favorable decision" when a rehearing is conducted by a BOP DHO) (collecting cases); *Rojas v. Driver*, No. CIV. A. 5:06CV88, 2007 WL 2789471, at *3–4 (N.D.W. Va. Sept. 24, 2007), *aff'd,* 267 F. App'x 302 (4th Cir. 2008) ("Generally speaking, 'procedural errors are cured by holding a new hearing in compliance with due process requirements.'") (quoting *Batanic v. Immigration and Naturalization Service,* 12 F.3d 662, 667 (7th Cir.1993)). In his reply memorandum, Petitioner objects to the rehearing, arguing without legal support that a "rehearing at this stage is unauthorized as Petitioner has not received the incident report while Petitioner has been incarcerated while serving time in the FBOP (Federal Bureau of Prisons)." (ECF 10 at 1-2). Petitioner's argument is without merit. The disciplinary charges and associated hearings held at Reeves County Detention Center occurred while Petitioner was in BOP custody. (ECF No. 8 at 6-10). The rehearing was held while Petitioner was still in BOP custody. Contrary to Petitioner's suggestion, disciplinary hearings are frequently conducted at BOP facilities other than the BOP facility at which the alleged infraction occurred. Inmates are routinely transferred from one facility to

4

another, and the mere occurrence of a transfer does not obviate the need to conduct and conclude disciplinary proceedings. *See Terry v. Zych,* No. 09–cv–12211, 2010 WL 931862, at *3 (E.D. Mich. Mar. 11, 2010) (finding that the BOP program statement "does not require that a warden may review only those disciplinary hearings conducted at warden's facility); *Russell v. Wilson,* No. 2:15cv51, 2015 WL 4479744, at *2 (E.D. Va. Jun. 17, 2015) (infraction at FCI Williamsburg reheard at FCI Texarkana); *Perotti v. Perdue,* No.: 1:14CV112, 2015 WL 5725810, at *1 (N.D.W. Va. Sept. 30, 2015) (First disciplinary hearing was held at FCI Fairton, where incident occurred, while rehearing was held at FCI Leavenworth). Moreover, as Respondent points out, Petitioner retains the right to challenge the outcome of the rehearing through the BOP's administrative process.

Accordingly, the undersigned **FINDS** that the full measure of relief available to the petitioner pursuant to his habeas petition has been provided, and his claim is, therefore, moot.

### III.  Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that:

1. Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED**; and

2. This case be removed from the Court's docket.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date

of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and to counsel of record.

**FILED:** March 29, 2018

_____
Cheryl A. Eifert
United States Magistrate Judge